## WILSON v DIXON et

Ohio Appeals, 2nd Dist, Franklin Co

No 2393. Decided June 9, 1934

Joseph McGhee, Columbus, for plaintiff.
Matthew L. Bigger, Columbus, and Abraham Cunix, Columbus, for defendant.
Troy Junk, Washington C. H., for defendant heirs.

## OPINION

By THE COURT

The above entitled cause is now being determined on motion for rehearing presented by counsel for defendants Mary C. Dixon and John M. Dixon.

In the memorandum accompanying the application counsel advances the theory that the court is deciding other questions than the single one raised by the motion. We respectfully disagree with counsel on this proposition and a rereading of our opinion does not warrant the statement. In giving the reasons for our conclusions it is possible that they reflect upon certain questions that would be involved in a hearing on the merits.

Counsel for the respective parties apparently differ very pronouncedly on the scope of the trial and the issues determined in the court below. In view of this difference of opinion, we examined the final entry from which the appeal was taken. This is the entry of November 24, 1933, and the pertinent part reads as follows:

"This day this cause came on to be heard upon the petition of the plaintiff, the answer of the defendants Mary C. Dixon and John M. Dixon, the answer and reply of Abraham H. Taylor, administrator of Mary C. Dixon, deceased, the answer and reply of Simon Taylor, etc., etc., heirs of Mary C. Wilson, deceased, and the evidence, and was submitted to the court. In consideration whereof the court finds on the issues joined between the plaintiff and the defendants Mary C. Dixon and John M. Dixon, for the plaintiff; and finds on the issues joined between the defendants Mary C. Dixon and John M. Dixon and the defendants Abraham H. Taylor, etc., etc., for the defendants * * * heirs of Mary C. Wilson, deceased."

The black face type is ours.

It will be noted that the entry of judgment does not mention the cross-petition. So far as the issue joined between plaintiff and defendants Dixons is concerned, the entry shows that the cause is heard on the petition of the plaintiff, the answer of the defendants Mary C. Dixon and John M. Dixon. Then in the next paragraph we find the following:

"The court finds on the issues joined between the plaintiff and the defendants Mary C. Dixon and John M. Dixon, for the plaintiff."

From the above we can arrive at no other conclusion than that the trial court made a finding in favor of the plaintiff on her claim for judgment.

It is the general rule that when an appeal is taken, the entire cause is appealed. The exception to this general rule is provided by §12231, GC.

"When the interest of a party is separate and distinct from that of all others in the suit, and he desires to appeal his part of it, it shall be so allowed by the court, and the penalty and bond fixed accordingly."

This section of the Code is not applicable to our situation.

We also make reference to the case of Fairchild v The Lake Shore Electric Railway Company, 101 Oh St, 261, the opinion being rendered by Judge Johnson. While the statement of Judge Johnson to which we will refer is purely dictum, yet it is such a clear statement of established law that we adopt it as our own. Reference is made to page 270 of the opinion:

"The giving of the appeal bond removes the entire case to the Court of Appeals and it is there tried de novo. The appeal vacates the judgment or decree in the court below. The court below has lost all power to do anything in the case when it has been appealed."

The requisite of the appeal bond is provided in §12229, GC, the pertinent portion of which reads as follows:

"When the judgment is personal against a party for money only, the penalty of the bond for appeal shall be double this amount."

In the instant case the appeal bond was not double the amount of plaintiff's judgment.

To our minds another question is suggested, but since it is not raised we will make no reference to it.

The language of the statute is certainly very clear and its provisions are mandatory.

Sec 12232, GC, among other things, provides that where the amount of the bond is insufficient, the Court of Appeals, on motion, may order that a new one be given, with security to be approved by the court, or its clerk. If the order be complied with, the case shall be heard and determined as though it had not been made; otherwise the appeal must be dismissed.

Counsel for plaintiff in their original brief in support of their motion to dismiss, throughout their brief admitted the right of defendants to give the requisite bond in this court. We at no time doubted that right. Following our original opinion, we had in mind that counsel would file the motion as required under the statute, to furnish the requisite bond. We now think that it would have been better to have rendered our decision in the alternative, that is, that the requisite bond be given within a given time, or the appeal be dismissed.

Before the enactment of the original section, now §12232, GC, which provides for amendments of bonds and so forth, the Supreme Court of Ohio, in three cases, decided that where the judgment was personal, the failure to give bond in double the amount was jurisdictional and on motion the appeal would be dismissed. We refer to the following cases:

**Oliver v Pray, 4 Ohio, 175;**
**Pray v Oliver, 5 Ohio, 326;**
**Bliss v Long, 5 Ohio, 276.**

The case of **Branch v Dick, 14 Oh St, 551,** is cited as holding to a contrary rule. The cited case is to be distinguished in that the Supreme Court held that the judgment of the Court of Common Pleas, from which the appeal was taken, was not a judgment "for the payment of money only." In the instant case, plaintiff's judgment was for money only.

Another case cited is that of **Scott, Admr. v Hewitt et, 3 Ohio Circuit Decisions, 635.** This case holds that where the bond is insufficient, the same may be amended. We are in accord with this proposition.

With the suggestion that journal entry be prepared in the alternative, motion for rehearing will be overruled.

HORNBECK, PJ, and BARNES, J, concur.